**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victoria Alvarez, et al., | No. CV-21-01872-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Security Properties Residential LLC, et al., | |
| Defendants. | |

On November 16, 2021, the Court issued the following Order:

    Federal courts are courts of limited jurisdiction. As a result, federal courts can hear only those cases that the Constitution and Congress have authorized them to adjudicate; namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of proving jurisdiction. *Id.* "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

    In this case, because Defendants removed this case to federal court, Defendants must show that the federal court is authorized to hear the case. Defendants allege jurisdiction based on diversity of citizenship. **However, the notice of removal fails to sufficiently plead diversity jurisdiction.** *See* **28 U.S.C. § 1332;** ***Johnson v. Columbia Properties Anchorage, L.P.,*** **437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of a limited liability company). To properly plead diversity jurisdiction, a notice of removal must list the citizenship of every member of any party that is a limited partnership or limited liability company.** ***NewGen, LLC v. Safe Cig, LLC***, **840 F.3d 606, 611 (9th Cir. 2016).**

    In this case, the complaint named Security Properties Residential LLC d/b/a Canyon Creek Village Apartments as a Defendant. The notice of removal indicates that Security Properties Residential LLC is properly named as a Defendant, but that there is no d/b/a. Further, the notice of removal indicates that there is a second entity, Canyon Creek Borrower, LLC, that should be named as a Defendant (presumably in place of the d/b/a). The notice of removal fails to allege the citizenship of the members of the

> two limited liability company Defendants; thus, the Court cannot determine whether diversity jurisdiction exists in this case.
> Defendants will be required to supplement the notice of removal to properly allege federal subject matter jurisdiction. If Defendants fail to file the required supplement, or if any filed supplement fails to plead sufficient facts to establish federal subject matter jurisdiction, this case will be remanded to state court.
> Based on the foregoing,
> **IT IS ORDERED** that Defendants must file the supplement required herein by November 29, 2021.

(Doc. 8) (emphasis added).

As is clear from the prior Order, a limited liability company takes on the citizenship of its members.

On November 23, 2021, Defendants filed a supplement. (Doc. 10). In the supplement, Defendants allege that the members of Security Properties Residential LLC are Security Properties Management LLC and SP Investments III, LLC. Defendants fail to allege the citizenship of the members of these two limited liability companies. Defendants instead allege the principal place of business and state of formation for these members, but as the Court has already instructed, and as counsel has a duty to know, the law dictates that limited liability companies take on the citizenship of their members, not their states of formation and principal places of business.

Even though the supplement fails to allege anything about the members of these member limited liability companies, the Court, nonetheless, reviewed the exhibits attached to the supplement. From the exhibits it appears that the member of Security Properties Management LLC (at least at the time of formation, although jurisdiction must be alleged at the time of removal) is DO SP Investments LLC. Again, Defendants failed to allege the citizenship of the members of this limited liability company. It further appears that the members of SP Investments III, LLC, again at the time of formation, were Madrona Ridge LLC and SP Investments II, LLC. Defendants fail to allege the citizenship of the members of these two additional limited liability companies.

The jurisdictional allegations for Canyon Creek Borrower, LLC suffer from the same deficiencies. In the supplement, Defendants allege that the member of Canyon Creek Borrower, LLC is PHX-3 Portfolio, LLC. Again, Defendants fail to allege the citizenship

of the members of this limited liability company.

Generally, the notice of removal itself must allege federal subject matter jurisdiction. *See Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1267 (D. Or. 2001) (collecting cases). Nonetheless, the Court gave Defendants an opportunity to cure the deficiencies in the notice of removal.  Further, the Court gave Defendants a series of legal citations explaining the citizenship of limited liability companies for purposes of diversity jurisdiction.  The Court finds Defendants are not entitled to a third opportunity to plead federal subject matter jurisdiction against this record.

Therefore,

**IT IS ORDERED** that this case is remanded to Maricopa County Superior Court due to Defendants' failure to plead sufficient facts to allege federal subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Rule 16 conference set for December 15, 2021 is vacated.

Dated this 30th day of November, 2021.

_____
James A. Teilborg
Senior United States District Judge